IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION
*Eastern*

RECEIVED

2014 JAN 16  P 1: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| IVONNE ROSADO and | ) |
| MICHELLE L. ORTIZ | ) |
| Plaintiffs, | ) |
| Vs. | ) |
| CHATTAHOOCHEE VALLEY | ) |
| COMMUNITY COLLEGE; | ) Case No. 3:14-cv-33-MHT |
| DR. GLEN CANNON, individually and in his | ) |
| official capacity as president of Chattahoochee | ) |
| Valley Community College; and, DR. DAVID | ) |
| HODGE, individually and in his official | ) |
| capacity as vice president of Chattahoochee | ) |
| Valley Community College, | ) |
| Defendants. | ) |

**JURY DEMAND**

## COMPLAINT

### I.  JURISDICTION

1.  Jurisdiction of this Court is invoked pursuant to Title 28, U.S.C. § 1331, Title 28,

U.S.C., §1343, and Title 28 U.S.C., § 2201. This action arises under the following

statutory and constitutional provisions: 42 U.S.C. § 2000e, et seq., Title VII of the

Civil Rights Act of 1964; the Fourteenth Amendment to the Constitution of the

United States, as enforced through 42 U.S.C. § 1983; the Age Discrimination in

Employment Act, 29 U.S.C. § 621, et seq.

2.  Jurisdiction of this Court is also invoked pursuant to the deprivation of rights secured

under said constitutional and statutory provisions.

### II. NATURE OF ACTION

3.  This action seeks a declaratory judgment holding that the conduct of the defendant Chattahoochee Valley Community College violated Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, in terms of compensation and other conditions of employment by discriminating against plaintiffs because of their ethnicity, color, race and national origin. Both plaintiffs are Hispanic.

4.  This action seeks a declaratory judgment holding that the conduct of the defendant Chattahoochee Valley Community College violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. in denying plaintiff two job promotions.

5.  The action seeks declaratory judgments holding that the conduct of defendants Dr. Glen Cannon, CVCC president, and Dr. David Hodge, CVCC dean and vice president, violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution as enforced through 42 U.S.C. § 1983 by denying them equal job opportunities, compensation, benefits and other terms of employment because of their race ethnicity, color, race and national origin. Defendants Cannon, CVCC president, and Hodge, CVCC vice president, are sued individually and in their official capacities for the intentional, unconstitutional conduct.

6.  Both plaintiffs seek redress for retaliation suffered after complaining about the discriminatory treatment, including filing Charges of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

7.  This action seeks mandatory, preliminary and permanent injunctions requiring defendants to increase plaintiffs' compensation and job status to pay grades and rank commensurate with their education and experience.

8.  All acts complained of herein were done under the color of state law.

9. Chattahoochee Valley Community College has engaged in a pattern and practice of discrimination against employees in violation of Title VII.

### III. Administrative procedures

10. Plaintiff Ortiz filed Charge of Discrimination with the EEOC on or about March 27, 2013 and amended the Charge with a retaliation claim on or about August 7, 2013. She has asked the EEOC to issue a right to sue notice, since she is joining in this Complaint with Plaintiff Rosado.

11. Plaintiff Rosado filed her Charge of Discrimination with the EEOC on or about March 23, 2013 and filed a retaliation claim in August 2013. The EEOC issued a notice of right to sue to Plaintiff Rosado signed October 21, 2013 and received by Ms. Rosado on or about October 23, 2013.

### IV. The Parties

12. Plaintiff Rosado is of the age of majority and a resident of Phenix City in Russell County, Alabama. Ms. Rosado is a 58-year-old Hispanic female who claims discrimination based upon ethnicity, color, race and national origin. Plaintiff Rosado has an associate's degree from Chattahoochee Valley Community College and is taking courses toward her bachelor's degree from Athens State College. At all times material to this lawsuit she was employed by defendant Chattahoochee Valley Community College. Plaintiff Rosado is administrative assistant to the associate dean for Workforce and Technical Education.

3

13. Plaintiff Ortiz is of the age of majority and a resident of Columbus, Georgia. Ms. Ortiz is a 44-year-old female of Hispanic descent who claims discrimination based upon ethnicity, color, race and national origin. She has a bachelor's degree in business management from Columbus State University. Plaintiff Ortiz suffers from a disability in that she has a Bi-Polar disorder. At all times material to this lawsuit Plaintiff Ortiz was employed by Chattahoochee Valley Community College. Because Ms. Ortiz has been employed by CVCC for more than 36 consecutive months, she is a tenured, or non-probationary, employee under Alabama's Students' First Act of 2011. Presently, she serves as admissions clerk for the school's Fort Benning branch campus.

14. Defendant Dr. Glen Cannon is president of Chattahoochee Valley Community College and in that position has ultimate responsibility for promoting, hiring and firing employees.

15. Dr. David Hodge is dean of Chattahoochee Valley Community College and in that position is influential in making promotion, hiring and firing decisions to the college president.

16. Defendant Chattahoochee Valley Community College (CVCC) is a state institution of public postsecondary education with main campus in Russell County, Alabama. CVCC is an independent institution within the Alabama Department of Postsecondary Education, also known as the Alabama College System, which operates under the control of the State Board of Education.


**V. Factual contentions**

4

17. At times material to this Complaint, plaintiffs Michelle Ortiz and Ivonne Rosado were the only CVCC staff employees who are Hispanic. They claim Title VII discrimination based upon ethnicity, color, race and national origin

18. Plaintiff Ortiz began employment with Chattahoochee Valley Community College in March 2007 as an Admissions Clerk.

19. Throughout her tenure with the college, Plaintiff Ortiz has received good evaluations.

20. In April 2011, Plaintiff Ortiz assumed additional duties as Military Liaison and moved to the Fort Benning campus/office.

21. Plaintiff Ortiz did not receive additional pay in the move, but considered the reassignment a promotion because she added the Military Liaison responsibilities which, among other duties, includes recruitment of members of the military to take CVCC courses. Since her husband is a former military instructor, she was particularly well-suited for the position.

22. As Military Liaison, Plaintiff Ortiz managed the college's Department of Defense and Air Force McCAA portals, while performing other duties in attracting military personnel to attend CVCC. She prepared a Fort Benning status report each semester.

23. During her tenure with CVCC, Plaintiff Ortiz has continuously upgraded her skills in order to be considered for promotions and other jobs.

24. CVCC has in place a policy that allows employees to upgrade their skills and make application for and be approved for promotions. The program was approved by the Alabama State Board of Education, which is the governing body of public community colleges in Alabama.

25. Based upon the fact the Plaintiff Ortiz's job responsibilities, including that of Military Liaison, included duties of compensable factors mandating a higher rate of pay, Plaintiff Ortiz on at least two occasions asked for a re-classification of her job for pay purposes.

26. CVCC and its officials denied Ms. Ortiz' requests for job reclassification.

27. During the past few years, at least four non-Hispanic employees of CVCC have been approved for pay increases after they requested and received job reclassifications.

28. In March 2012, Plaintiff Ortiz was asked to pick up a fruit tray from the Fort Benning Commissary for what she believed to be a campus wide event at CVCC..

29. However, Plaintiff Ortiz later discovered that the event was not a diversity celebration at all, since no Hispanics were invited. It turned out that event was only a birthday party for a campus employee.

30. Subsequently, Plaintiff Ortiz filed an ethics complaint with the State Ethics Commission pertaining to the matter.

31. After the filing of the ethics complaint and Ms. Ortiz' complaints about the disparate treatment of Hispanic employees by the college, Plaintiff Ortiz was forced to endure an increasingly hostile work environment and was a victim of retaliation.

32. March 28, 2012, Plaintiff Ortiz was informed by CVCC dean Dr. David Hodge that her position would not be reclassified.

33. May 1, 2012, the purchasing budget for the Fort Benning office was taken from Ms. Ortiz.

34. On May 12, 2012, Ms. Ortiz was told that she did not make the final cut for a CVCC recruiter position she had applied for in March 2012. Subsequently, she was refused access to scores of applicants for the position.

35. On May 12, 2012, Plaintiff Ortiz was told by her immediate supervisor, Director of Admissions Sanquita Alexander, that she was to refrain from networking with college employees but to maintain a constant presence at Fort Benning.

36. August 24, 2012, Plaintiff Ortiz requested a meeting with her supervisor, Alexander, on the issue of job reclassification, but was told the meeting would not take place until October 2012.

37. That meeting did not finally occur until October 25, 2012 and included Alexander and Dr. Joy Hamm, the dean of Student Services, but did not result in a reclassification. Instead, Plaintiff Ortiz was informed that she was to report back to the main campus in Phenix City and her Military Liaison duties were stripped from her.

38. When Plaintiff Ortiz requested scholarship information from Vickie Williams, Director of Student Development, in November 2012, she received a hostile email back stating that the information would be provided at Williams' convenience. Williams is the employee for whom the birthday party was held for which Ortiz ordered refreshments believing they would be used for a campus wide meeting.

39. Plaintiff Ortiz needed the information to provide to students who needed assistance to attend CVCC.

40. Subsequently, Ortiz filed a grievance pertaining to the hostile work environment.

41. Ortiz had a meeting on December 18, 2012 with Alexander and Hamm over the grievance and possible mediation pertaining thereto.

42. At the December 18, 2012 meeting, Ortiz was told that she was being reassigned to the Phenix City campus and that her Military Liaison title was being stripped from her.

43. Plaintiff Ortiz was informed that security would be at the mediation, even though absolutely nothing in her file indicated that she had any violent tendencies. No security had been provided for grievances held for non-Hispanic employees.

44. At the January 9, 2013 grievance, Plaintiff was asked if she had any weapons.

45. On January 13, 2013, Ortiz was told that her second request for reclassification had been denied.

46. At some point in time, Plaintiff was reassigned to the Fort Benning campus part-time, although she no longer had the Military Liaison title.

47. In addition, while she performed the duties at Fort Benning, she also performed Admissions duties at the Phenix City campus, meaning that she wss forced to perform duties of two persons.

48. On February 7, 2013 Plaintiff Ortiz contacted the U.S. Equal Employment Opportunity Commission (EEOC) to file a Charge of Discrimination pertaining to the discriminatory treatment she had been subjected to in her job.

49. The formal EEOC Charge was dated March 23, 2013.

50. On March 27, 2013, Plaintiff Ortiz was summoned to a meeting with supervisors Alexander and Hamm supposedly pertaining to an event Ortiz was coordinating with another college at Fort Benning Middle School.

51. However, the event turned into a session of verbal abuse against Plaintiff Ortiz and the complete stripping of Military Liaison duties from her. Plaintiff was so upset by

the meeting that she had an anxiety attack and had to report to a hospital emergency room on March 30, 2013.

52. Plaintiff Ortiz was forced to work in an increasingly hostile work environment after filing the EEOC Charge of Discrimination. For instance, she was chastised by supervisor Hamm for preparing and circulating a flyer that she had been given permission to circulate previously by another supervisor.

53. In late August 2013, after the filing of the EEOC discrimination charge and the retaliation claim, Plaintiff Ortiz was moved back to the Fort Benning site, although she still did not and does not have her Military Liaison duties and title.

54. Ms. Ortiz suffers from a disability in that she has Bi-Polar condition. With medication in a normal working environment, she is able to perform her duties, although the condition requires her to be off from time to time.

55. CVCC officials have been aware of the condition, which is worsened by stress, for years.

56. Despite that knowledge, CVCC officials intentionally stripped Plaintiff Ortiz of her Military Liaison duties, took the Fort Benning office purchasing budget from her, denied her the reclassification to which she was entitled, forced her to perform two jobs, and subjected her to a hostile work environment.

57. Even though Plaintiff Ortiz had submitted a report from her psychiatrist previously, after she complained about discrimination based upon the fact that she is Hispanic, school officials required Plaintiff Ortiz to secure a fitness statement to be allowed to return to work, even though she had been working the two jobs all along.

58. Plaintiff Rosado is administrative assistant to the associate dean for Workforce and Technical Education.

59. Because of her age and ethnicity, color, race and national origin, the 58-year-old Hispanic employee has been denied two promotions to which she was entitled.

60. Among those was a promotion to assistant to the president of CVCC.

61. Plaintiff Rosado went through a rigorous testing and paring process that began with numerous applicants.

62. Only 12 of the applicants were able to pass the typing and technology portions of the testing.

63. After a series of interviews, a committee reduced the field to three finalists.

64. Rosado and one other finalist scored highest on the skills and technology tests.

65. Rosado's experience was far superior, particularly as it pertained to community college work, but the much younger employee, who worked for a high school, got the job.

66. The decision to hire Buffie Tuck, a lesser-qualified, younger white female, was made by Dr. Cannon, the college president.

67. Rosado also applied for the position of Administrative Assistant to the Dean of Instruction and Vice President at CVCC, Dr. David Hodge, a position that would have allowed her to transfer to the academic side of the college, as opposed to her present position in workforce development.

68. Rosado had superior qualifications to the individual hired, Tela Sykes, a young black female, who was recommended for the job by Dean Hodge.

69. Sykes and Rosado were among three finalists. Sykes did not have administrative experience, while Rosado had worked in administrative positions both at CVCC and other locations.

70. Based upon the fact that she was passed over by the younger, lesser experienced women, Rosado filed an EEOC Charge of Discrimination in March 2013.

71. After filing the Charge, Rosado was forced to endure a particularly hostile work environment and filed a retaliation claim with the EEOC in August 2013.

72. An example of the discrimination against Hispanics pertains to the College's Black History Month and Cultural Diversity Committee. While Black History is celebrated, Hispanics are completely left out in spite of the fact that the Hispanic student population is ever-increasing.

## CAUSES OF ACTION IN THIS COMPLAINT

*Count I: Title VII discrimination claimed by Plaintiff Ortiz against her employer, Chattahoochee Valley Community College.*

73. Plaintiff Ortiz restates each and every paragraph in this Complaint as if fully set out herein.

74. Because of her ethnicity, color, race and national origin, Plaintiff Ortiz was demoted, forced to work two jobs while only being paid for one, denied a recruiter position for which she was qualified and subjected to a hostile work environment.

75. Due to the discriminatory treatment, Plaintiff Ortiz suffered monetary damages, including loss of income and medical expenses. Plaintiff Ortiz also suffered emotional distress and mental anguish from the discriminatory treatment. She was so impacted emotionally that she had to be hospitalized on at least two occasions.

Plaintiff Ortiz continues to suffer damages from the discriminatory treatment and is due to be compensated for those damages.

**Count II: Title VII retaliation claimed by Plaintiff Ortiz against her employer, Chattahoochee Valley Community College.**

76. Plaintiff Ortiz restates every paragraph of this Complaint as if fully set out here.

77. Plaintiff Ortiz filed a complaint with the State Ethics Commission about the use of college funds for a personal birthday party that she had thought was a campus wide event for Hispanics and African-Americans. She filed an EEOC Charge of Discrimination about the discriminatory treatment she endured based upon ethnicity, color, race and national origin. She sought from supervisors explanations about her demotion and being denied the recruiter position.

78. Subsequently, Plaintiff Ortiz was subjected to an increasingly hostile work environment. For instance, she was chastised for sending out a flyer for which a supervisor had given prior permission. On one occasion, on March 27, 2013, Plaintiff Ortiz was summoned to a meeting with supervisors Alexander and Hamm supposedly pertaining to an event Ortiz was coordinating with another college at Fort Benning Middle School. However, the event turned into a session of verbal abuse against Plaintiff Ortiz and the complete stripping of Military Liaison duties from her. Plaintiff was so upset by the meeting that she had an anxiety attack and had to report to a hospital emergency room on March 30, 2013.

79. Due to the discriminatory treatment, Plaintiff Ortiz suffered monetary damages, including loss of income and medical expenses. Plaintiff Ortiz also suffered emotional distress and mental anguish from the discriminatory treatment. She was so

impacted emotionally that she had to be hospitalized on at least two occasions.
Plaintiff Ortiz continues to suffer damages from the discriminatory treatment and is
due to be compensated for those damages.

### Count III: Violation of 42 U.S.C. § 1983 claimed by Plaintiff Ortiz against CVCC president, Dr. Glen Cannon.

80. Plaintiff Ortiz restates each and every paragraph in this Complaint as if fully set out
herein.

81. Because of her ethnicity, color, race and national origin, Plaintiff Ortiz was demoted,
forced to work two jobs while only being paid for one, denied the recruiter position
for which she was qualified and subjected to a hostile work environment.

82. The decision to demote Plaintiff Ortiz and to deny her the recruiter position, while
subjecting her to a hostile work environment, was made by the CVCC President, Dr.
Glen Cannon.

83. The action by Dr. Cannon violated the 14th Amendment to the United States
Constitution as enforced through 42 U.S.C. § 1983.

84. Due to the illegal treatment, Plaintiff Ortiz suffered monetary damages, including loss
of income and medical expenses. Plaintiff Ortiz also suffered emotional distress and
mental anguish from the discriminatory treatment. She was so impacted emotionally
that she had to be hospitalized on at least two occasions. Plaintiff Ortiz continues to
suffer damages from the discriminatory treatment and is due to be compensated for
those damages.

***Count IV: Title VII violation claimed by Plaintiff Rosado against her employer,
Chattahoochee Valley Community College.***

85. Plaintiff Rosado restates every paragraph in this Complaint as if fully set out here.

86. Plaintiff Rosado is a veteran administrative assistant with an associate's degree and is
    working toward her bachelor's. Based upon her experience and education, Plaintiff
    Rosado applied for a position as assistant to the CVCC president.

87. Out of numerous applicants, Plaintiff Rosado scored at least tied for highest score.

88. CVCC President Glen Cannon passed over Rosado for the job, instead choosing to
    hire a younger Caucasian female with inferior work experience who was without
    community college experience.

89. Dr. Cannon's refusal to hire Rosado is based upon ethnicity, color, race and national
    origin, as well as her age.

90. Plaintiff Rosado applied for a second position as administrative assistant to the dean
    of Instruction and Vice President.

91. CVCC did not go through the customary hiring process in selecting the successful
    applicant.

92. CVCC Dean David Hodge passed over Rosado in favor of a lesser qualified, younger
    African-American.

93. Cannon's and Hodge's decisions not to hire the better qualified Rosado were made on
    behalf of the CVCC.

94. Rosado did not get the job because of her ethnicity, color, race and national origin, as
    well as her age.

95. CVCC's decision to refuse to hire Plaintiff Rosado because of her ethnicity, color, race and national origin violates Title VII of the Civil Rights Act of 1964, as amended.

96. As a result of the discriminatory treatment, Plaintiff Rosado suffered damages, including loss of income, diminished retirement income, emotional distress and mental anguish. Plaintiff Rosado continues to suffer these damages and is due to be compensated for those damages.

### Count V: Age Discrimination Act violation claimed by Plaintiff Rosado against her employer, Chattahoochee Valley Community College.

97. Plaintiff Rosado restates every paragraph in this Complaint as if fully set out here.

98. Plaintiff Rosado is a veteran administrative assistant with an associate's degree and is working toward her bachelor's. Based upon her experience and education, Plaintiff Rosado applied for a position as assistant to the CVCC president.

99. Out of numerous applicants, Plaintiff Rosado scored at least tied for highest score under the college's recruitment scoring factors.

100. CVCC President Glen Cannon passed over Rosado for the job, instead choosing to hire a younger Caucasian female with inferior work experience who was without community college experience.

101. Dr. Cannon's refusal to hire Rosado was based upon the fact that Plaintiff Rosado was older than the young woman the President brought in from a high school position.

102. Dr. Cannon's action violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

103.    Plaintiff Rosado applied for a second position as administrative assistant to the Dean of Instruction and Vice President.

104.    CVCC did not go through the customary hiring process in selecting the successful applicant.

105.    CVCC Dean David Hodge passed over Rosado in favor of a lesser qualified, younger African-American.

106.    Hodge's decision to recommend the hiring of the younger woman, as well as Cannon's decision to accept the dean's recommendation, was based upon the fact that Plaintiff Rosado was older than the other candidate.

107.    Cannon's and Hodge's decisions not to hire the better qualified Rosado were made on behalf of the CVCC.

108.    CVCC's action through its top administrators violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

109.    As a result of the discriminatory treatment, Plaintiff Rosado suffered damages, including loss of income, diminished retirement income, emotional distress and mental anguish. Plaintiff Rosado continues to suffer these damages and is due to be compensated for the damages.


**Count VI: 42 U.S.C. § 1983 claim by Plaintiff Rosado against defendant Dr. Glenn Cannon.**

110.    Plaintiff Rosado restates every paragraph in this Complaint as if fully set out here.

111.    Plaintiff Rosado is a veteran administrative assistant with an associate's degree and is working toward her bachelor's. Based upon her experience and education, Plaintiff Rosado applied for a position as assistant to the CVCC president.

112.    Out of numerous applicants, Plaintiff Rosado scored at least tied for highest score.

113.    CVCC President Glen Cannon passed over Rosado for the job, instead choosing

to hire a younger Caucasian female with inferior work experience who was without

community college experience.

114.    Dr. Cannon's refusal to hire Rosado was based upon ethnicity, color, race and

national origin, as well as the fact that she was older than the successful candidate.

115.    Plaintiff Rosado applied for a second position as administrative assistant to the

dean.

116.    CVCC did not go through the customary hiring process in selecting the successful

applicant.

117.    Cannon, after a recommendation from Hodge, passed over Rosado in favor of a

lesser qualified, younger African-American.

118.    Cannon's and Hodge's decisions not to hire the better qualified Rosado were

made on behalf of the CVCC.

119.    Rosado did not get the job because of her ethnicity, color, race and national origin

and the fact that she is older than the successful candidate.

120.    Cannon's decision to refuse to hire Plaintiff Rosado because of her ethnicity,

color, race and national origin and because of her age violates the Equal Protection

Clause of the 14th Amendment to the United States Constitution, as enforced through

42 U.S.C. § 1983, as amended.

121.    As a result of the discriminatory treatment, Plaintiff Rosado suffered damages,

including loss of income, diminished retirement, emotional distress and mental

anguish. Plaintiff Rosado continues to suffer these damages and is due to be compensated for the damages.

### Count VII: 42 U.S.C. § 1983 claim by Plaintiff Rosado against defendant Dr. David Hodge.

122.    Plaintiff Rosado restates every paragraph in this Complaint as if fully set out here.

123.    Plaintiff Rosado is a veteran administrative assistant with an associate's degree and is working toward her bachelor's. Based upon her experience and education, Plaintiff Rosado applied for a position as assistant to CVCC vice president Hodge.

124.    CVCC did not go through the customary hiring process in selecting the successful applicant.

125.    CVCC Dean David Hodge passed over Rosado in favor of a lesser qualified, younger African-American..

126.    Cannon's and Hodge's decisions not to hire the better qualified Rosado were made on behalf of the CVCC.

127.    Rosado did not get the job because of her ethnicity, color, race and national origin and the fact that she is older than the successful candidate.

128.    Hodge's decision to recommend to the president that Plaintiff Rosado not be given the job based upon her ethnicity, color, race and national origin and because of her age violates the Equal Protection Clause of the 14th Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, as amended.

129.    As a result of the discriminatory treatment, Plaintiff Rosado suffered damages, including loss of income, diminished retirement income, emotional distress and

mental anguish. Plaintiff Rosado continues to suffer these damages and is due to be compensated for the damages.

### Count VIII: Title VII retaliation claimed by Plaintiff Rosado against her employer, Chattahoochee Valley Community College.

130.   Plaintiff Rosado restates every paragraph in this Complaint as if fully set out here.

131.   Plaintiff Rosado is a veteran administrative assistant with an associate's degree and is working toward her bachelor's. Based upon her experience and education, Plaintiff Rosado applied for a position as assistant to the CVCC president.

132.   Out of numerous applicants, Plaintiff Rosado scored at least tied for highest score.

133.   CVCC President Glen Cannon passed over Rosado for the job, instead choosing to hire a younger Caucasian female with inferior work experience who was without community college experience.

134.   Dr. Cannon's refusal to hire Rosado is based upon ethnicity, color, race and national origin.

135.   Plaintiff Rosado applied for a second position as administrative assistant to the Dean of Instruction and Vice President.

136.   CVCC did not go through the customary hiring process in selecting the successful applicant.

137.   CVCC Dean David Hodge passed over Rosado in favor of a lesser qualified, younger African-American.

138.   Cannon's and Hodge's decisions not to hire the better qualified Rosado were made on behalf of the CVCC.

139.   Rosado did not get the job because of her ethnicity, color, race and national origin, as well as her age.

140.   CVCC's decision to refuse to hire Plaintiff Rosado because of her ethnicity, color, race and national origin violates Title VII of the Civil Rights Act of 1964, as amended.

141.   Plaintiff Rosado complained about the discriminatory treatment, filed an EEOC Charge of Discrimination and retaliation claim.

142.   Because of her actions in response to the illegal conduct, Plaintiff Rosado was retaliated against – subjected to a hostile work environment and denied employment privileges.

143.   As a result of the discriminatory treatment, Plaintiff Rosado suffered damages, including loss of income, diminished retirement income, emotional distress and mental anguish. Plaintiff Rosado continues to suffer these damages and is due to be compensated for those damages.

**PRAYER FOR RELIEF**

Plaintiffs pray that after a trial by jury, the Court will:

1.   Declare that defendant Chattahoochee Valley Community College violated 42 U.S.C. 2000e, Title VII of the Civil Rights Act, as amended, in subjecting Plaintiff Ortiz to adverse employment actions based upon her ethnicity, color, race and national origin and retaliated against her for opposing the illegal acts;

2.   Declare that defendant Chattahoochee Valley Community College violated 42 U.S.C. 2000e, Title VII of the Civil Rights Act, as amended, in subjecting

Plaintiff Rosado to adverse employment actions based upon her ethnicity, color, race and national origin and retaliated against her for opposing the illegal acts;

3. Declare that defendant Dr. Glen Cannon violated the 14th Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, in subjecting Plaintiff Ortiz to disparate and illegal conduct in her employment as stated herein;

4.   Declare that defendant Dr. Glen Cannon violated the 14th Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, in subjecting Plaintiff Rosado to disparate and illegal conduct in her employment as stated herein;

5. Declare that defendant Dr. David Hodge violated the 14th Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, in subjecting Plaintiff Rosado to disparate and illegal conduct in her employment as stated herein;

6. Declare that Chattahoochee Valley Community College violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., in denying job opportunities to Plaintiff Rosado because of her age;

7. Issue mandatory preliminary and permanent injunctions enjoining defendants from violating the federal statutes cited herein, as well as the Equal Protection Clause to the 14th Amendment to the U.S. Constitution, with regard to plaintiffs' employment;

8.  Award to plaintiffs actual, compensatory, equitable and punitive damages, including back pay and front pay when appropriate and allowed under the statutes or U.S. Constitution.

9.  Order defendants to pay the costs of this litigation, as well as plaintiffs' attorneys' fees.

10. Award to plaintiffs such other, different relief to which the plaintiffs are entitled.


Respectfully,


W. Don Eddins
Attorney for Plaintiffs
337 E. Magnolia Avenue
Auburn, AL  36830
Business: (334) 821-9981
Facsimile:  (334) 826-7700
doneddins@auburnlaw.us


## JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

**VERIFICATION**

I hereby acknowledge that the facts and allegations as set out on the foregoing complaint are true and correct to the best of my knowledge.

_____     1|6|2014
Ivonne Rosado                Date

I hereby acknowledge that the facts and allegations as set out on the foregoing complaint are true and correct to the best of my knowledge.

_____     1/6/2014
Michelle L. Ortiz            Date