IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
IVONNE ROSADO and          )
MICHELLE L. ORTIZ,         )
                           )
     Plaintiffs,           )
                           )     CIVIL ACTION NO.
     v.                    )      3:14cv33-MHT
                           )         (WO)
CHATTAHOOCHEE VALLEY       )
COMMUNITY COLLEGE, et al., )
                           )
     Defendants.           )
```

### OPINION AND ORDER

Plaintiffs Ivonne Rosado and Michelle L. Ortiz bring this employment-discrimination lawsuit against defendants Chattahoochee Valley Community College; its president, Dr. Glen Cannon; its vice president, Dr. David Hodge; and the Chancellor of the Alabama Department of Postsecondary Education, Dr. Mark A. Heinrich. Rosado and Ortiz assert that the defendants subjected them to unlawful discrimination and retaliation.

Rosado and Ortiz bring disparate-treatment and retaliation claims against the College under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a and 2000e through 2000e-17 (counts one, two, five, and ten). They further contend that Cannon, Hodge, and Heinrich violated the Equal Protection Clause of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983 (counts three, four, seven, eight, and nine). While both plaintiffs' equal-protection claims allege discrimination based on ethnicity, color, race, and national origin, Rosado also claims age discrimination. She brings another age-discrimination claim against the College under the Alabama Age Discrimination in Employment Act (AADEA), Ala. Code §§ 25-1-20 through 25-1-29 (count six).

Rosado and Ortiz seek damages, declaratory judgments, and injunctive relief. The court has jurisdiction over their federal claims under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil

rights), and 42 U.S.C. § 2000e-5(f)(3) (Title VII). The court discusses later whether it can exercise supplemental jurisdiction over Rosado's state-law AADEA claim.

Pending before the court are three motions: a renewed partial motion to dismiss filed by Cannon, Hodge, and the College, a motion to dismiss filed by Heinrich, and a motion to substitute parties filed by Rosado and Ortiz. The College argues that it is immune from suit under the AADEA and that portions of Ortiz's Title VII discrimination claim are procedurally barred. Cannon, Hodge, and Heinrich argue that they are immune from the plaintiffs' equal-protection claims and that, in any event, Rosado's age-discrimination claims are not cognizable under § 1983.

For the reasons set forth below, the motions to dismiss will be granted in part and denied in part. The motion to substitute parties will be denied as moot.

## I. MOTION-TO-DISMISS STANDARD

The defendants do not specify whether they bring their motions to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), for failure to state a claim upon which relief can be granted, or Rule 12(b)(1), for lack of subject-matter jurisdiction. Unless a defendant disputes the factual contentions relevant to subject-matter jurisdiction, Rule 12(b)(1) "employs standards similar to those governing Rule 12(b)(6) review." *Willett v. United States*, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014) (Watkins, *J.*).

Here, the defendants are not attempting to introduce competing jurisdictional facts into the record. Although they invite the court to consult evidence extrinsic to the pleadings, they do not purport to contradict any of the jurisdictional facts asserted in the complaint. Because the defendants are not mounting a factual attack on the court's

4

subject-matter jurisdiction, any distinction between Rule 12(b)(6) and Rule 12(b)(1) is immaterial to the instant motions.

Accordingly, the court will evaluate the defendants' motions using the standards applicable to Rule 12(b)(6). The court must accept Rosado's and Ortiz's allegations as true, *see Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construe the complaint in their favor, *see Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). The court may also draw "reasonable inferences" from the facts alleged in the complaint. *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001).

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. BACKGROUND

The allegations in the complaint, taken in the light most favorable to Rosado and Ortiz, establish the following facts.

Rosado and Ortiz were the only Hispanic employees who worked full time at the College. During the time in question, Rosado was the administrative assistant to the associate dean for workforce and technical education. Ortiz worked as an admissions clerk.

### a. Rosado

In 2012 or early 2013, Rosado applied for two promotions: one to work as the assistant to Cannon, the College's president, and another to work as the

assistant to Hodge, the College's vice-president. Cannon, who made the College's hiring decisions, rejected Rosado's candidacy.  He hired a white woman as his assistant and, for Hodge, an African-American woman whom Hodge had recommended.  Both women were around 20 years younger than Rosado, who was in her late fifties, and had less professional experience.

Rosado filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in March 2013.  Subsequently, the College phased out a non-credit phlebotomy program that Rosado ran and that provided her supplemental income.  She later received a disciplinary write-up for proctoring a national certification exam in phlebotomy without first seeking her supervisor's approval.  Her supervisor knew that she had proctored the test on several prior occasions but had never raised an issue.

7

Rosado filed a retaliation charge with the EEOC in August 2013 and received a right-to-sue letter in October of that year.

b. Ortiz

Ortiz started working for the College in 2007 as an admissions clerk.  In 2011, she assumed the additional role of military liaison and moved from the College's main campus in Phenix City to the Fort Benning campus. As military liaison, she recruited military personnel to take classes at the College and prepared semesterly reports on her efforts.  While at Fort Benning, she continued her work in admissions for the Phenix City campus.  She did not receive a pay raise to accompany her new duties.

The College allowed employees who developed new skills to seek 'reclassification' of their jobs for payment purposes.  At least twice, the College denied Ortiz's requests for reclassification so that her

salary would reflect the skills she had honed and the additional responsibilities her title as military liaison entailed.

Hodge informed her in March 2012 that the College had denied her first reclassification request. Earlier that month, Ortiz had filed a complaint with the State Ethics Commission after she was asked to pick up food for an event that she had thought was a campus-wide diversity celebration, but was actually a College employee's private birthday party. Ortiz was later denied a promotion to a recruiter position, reassigned to the Phenix City campus, and stripped of her title as military liaison, though she remained an admissions clerk for the College.

In late 2012, Ortiz filed an internal grievance alleging a hostile work environment, which triggered a grievance proceeding in January 2013. After the proceeding, Ortiz's second request for a job reclassification was denied.

Ortiz filed a formal charge of discrimination with the EEOC in March 2013.  Her charge discussed only the denial of reclassification (and a corresponding salary increase) and the additional job responsibilities for which she was not adequately compensated.  The charge did not state that the College had denied her a recruiter position, subjected her to a hostile work environment, or removed her title as military liaison.

After she filed the EEOC charge, her supervisors ordered her to appear for a meeting, during which a verbal altercation ensued.  In August 2013, she amended her EEOC charge to add a retaliation claim.

In January 2014, Rosado and Ortiz filed this lawsuit.  At the time, Rosado had received a right-to-sue notice from the EEOC, but Ortiz had not.  After the defendants filed a motion to dismiss, Ortiz, with the assistance of counsel, filed an amendment to her EEOC charge in February 2014.  The amended charge mirrored the allegations in her complaint.  She

received a right-to-sue letter from the EEOC in March 2014, and she and Rosado filed an amended complaint two weeks later.

## III. DISCUSSION

The defendants raise three sets of arguments in their motions to dismiss: first, that the Eleventh Amendment forbids Rosado's and Ortiz's § 1983 claims and Rosado's AADEA claim; second, that portions of Ortiz's Title VII discrimination claim are barred by the limitations period and the administrative-exhaustion requirement; and, finally, that Rosado's age-discrimination claims are not cognizable under § 1983.[1] The court agrees that

---

1. Cannon, Hodge, and the College also note that the complaint alludes to a "pattern and practice" of discrimination at the College and ask the court to dismiss any pattern-or-practice claim. Cannon et al.'s Mot. to Dismiss (Doc. 21) at 2 (quoting Compl. (Doc. 19) at 3). Title VII authorizes the Attorney General to bring a civil action for equitable relief against "any person or group of persons ... engaged in a pattern or practice" of employment discrimination. (continued...)

11

Rosado's age-discrimination claims must be dismissed in their entirety.  Rosado and Ortiz may proceed on their claims for damages and declaratory relief against Cannon and Hodge in their individual capacities; their equitable claims for promotions and pay raises against Cannon, Hodge, and Heinrich in their official capacities; and their Title VII claims against the College, except that Ortiz may not assert the College's decision not to hire her for a recruiter position as an independent ground for relief.  The court will dismiss any claims for monetary damages against Cannon and Hodge in their official capacities; the claims for declaratory relief against Cannon, Hodge, and Heinrich in their official capacities; and Rosado's and Ortiz's

---

42 U.S.C. § 2000e-6(a).  Although the authority to bring a lawsuit under § 2000e-6(a) has been extended to class actions, it does not reach individual litigants. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 967 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  No class has been certified here, so to the extent Rosado and Ortiz are asserting a pattern-or-practice claim, it must be dismissed.

claims against the individual defendants for other forms of equitable relief.

### a. Jurisdiction over Rosado's State-Law Claim

The court lacks supplemental jurisdiction over Rosado's state-law AADEA claim. The federal supplemental jurisdiction statute, 28 U.S.C. § 1367, "does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 542 (2002). The parties do not dispute that "Alabama's state law sovereign immunity extends to community colleges." *Morris v. Wallace Cmty. Coll.-Selma*, 125 F. Supp. 2d 1315, 1335 (S.D. Ala. 2001) (Vollmer, J.). Article I, Section 14 of the Alabama Constitution forbids lawsuits against the State, and "Alabama has not expressly waived its immunity from AADEA claims." *Stroud v. McIntosh*, 722 F.3d 1294, 1299 n.2 (11th Cir. 2013). The court cannot exercise supplemental jurisdiction over Rosado's AADEA

claim without the College's consent to be sued, which the College has not given.  The court will therefore dismiss Rosado's AADEA claim.


   b. Section 1983 Claims Against Cannon and Hodge

   Pursuant to 42 U.S.C. § 1983, Rosado brings equal-protection claims against Cannon and Hodge for rejecting her applications to serve as their administrative assistants.  She attributes both decisions to her ethnicity, color, race, national origin, and age.  Ortiz brings a § 1983 equal-protection claim against Cannon for discriminating against her based on ethnicity, color, race, and national origin.

   Cannon and Hodge are sued in both their official and individual capacities.  Rosado and Ortiz seek damages, equitable relief, declarations that Cannon and Hodge violated their constitutional rights, and "other,

**14**

different relief to which the plaintiffs are entitled." Compl. (Doc. 19) at 34.

Cannon and Hodge argue that the Eleventh Amendment bars Rosado's and Ortiz's § 1983 claims.  The Eleventh Amendment gives the States sovereign immunity against most lawsuits.  *See Hans v. Louisiana*, 134 U.S. 1, 21 (1890).   Under some circumstances, this immunity extends to state officials.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). However, sovereign immunity does not bar all claims against a State or its employees, and, as discussed below, Rosado's and Ortiz's § 1983 claims against Cannon and Hodge may proceed with respect to certain requests for relief.

### 1. Damages

Insofar as Rosado and Ortiz seek damages against Cannon and Hodge in their official capacities, the defendants are immune.  "[T]he Eleventh Amendment bars

a damages action against a State in federal court,"
including "when State officials are sued for damages in
their official capacity." *Kentucky v. Graham*, 473 U.S.
159, 169 (1985).

However, Cannon and Hodge are not immune to suit
for damages under § 1983 in their individual
capacities. In an individual-capacity suit, the
plaintiff is "seeking to recover from the individual
defendant, who is personally liable for the judgment."
*Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1577
(11th Cir. 1994). Sovereign immunity does not extend
to individual-capacity suits against state officials
under § 1983 for monetary damages. *See Hafer v. Melo*,
502 U.S. 21, 30-31 (1991). Cannon and Hodge argue that
the plaintiffs' § 1983 claims are individual-capacity
suits in name only and that the College--and, by
extension, the State--is the real party in interest.
The court is unpersuaded.

16

"**The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state, especially by imposing liability damages that must be paid out of the public fisc.**" *Jackson*, 16 F.3d at 1577. "**Eleventh Amendment immunity applies only if the judgment *must*, under all circumstances, be paid out of state funds.**" *Id.* (emphasis in original).

Cannon and Hodge do not contend that the State would be obligated to cover the costs of a judgment against them in their individual capacities. Instead, they argue that the College is the real party in interest because they were "acting ... pursuant to their authority as president and dean when they allegedly made the employment decisions" in dispute. Cannon et al.'s Mot. to Dismiss (Doc. 21) at 5-6. This argument misses the mark because the distinction between official-capacity and individual-capacity suits

17

turns primarily on the nature of the relief sought, not the source of the alleged injury.  *See Graham*, 473 U.S. at 165-68.   Rosado's and Ortiz's § 1983 claims seek damages from the defendants themselves, and so sovereign immunity is no bar to relief.   It makes no difference that the complaint concerns actions that Cannon and Hodge allegedly undertook in their roles as state officials.

Rosado and Ortiz may therefore proceed on their individual-capacity claims for damages without offending sovereign immunity.[2]

### 2. Equitable Relief

Rosado and Ortiz request several forms of equitable relief, including backpay, front pay, retroactive benefits, and two types of injunctions: first,

---

[2]. The court need not address whether the doctrine of qualified immunity forecloses Rosado's and Ortiz's claims for damages under § 1983, as Cannon and Hodge "did not raise qualified immunity, but, rather, sovereign immunity in their motion to dismiss."  Cannon et al.'s Reply (Doc. 29) at 5.

injunctions prohibiting Cannon and Hodge "from violating [federal law] with regard to plaintiffs' employment," Compl. (Doc. 19) at 34; and, second, "injunctions requiring defendants to increase plaintiffs' compensation and job status to pay grades and rank commensurate with their education and experience," *id.* at 3. Cannon and Hodge respond that the Eleventh Amendment bars these claims.

Each of the equitable remedies Rosado and Ortiz request, aside from injunctions ordering Cannon and Hodge to conform their conduct to the law, pertains to compensation, benefits, and wages allegedly withheld by or that would be furnished by the College. The court will therefore construe those claims as asserted against Cannon and Hodge in their official capacities.

Before reaching the parties' arguments under the Eleventh Amendment, the court must dispense with Rosado's and Ortiz's requests to enjoin Cannon and Hodge from violating their federal rights. An

19

"injunction [that] would do no more than instruct the [defendant] to 'obey the law'" does not satisfy the specificity requirement of Federal Rule of Civil Procedure 65(d). *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

Whether the Eleventh Amendment bars the remaining claims depends on the type of equitable relief sought. *Ex parte Young*, 209 U.S. 123 (1908), carves out an exception to sovereign immunity for "suits against state officers seeking *prospective* equitable relief to end *continuing* violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (emphases in original). Prospective relief may be awarded even if compliance will have "an ancillary effect on the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 667-68 (1974).

Rosado's and Ortiz's requests for backpay and retroactive benefits are, by definition, not prospective and do not fall within the *Ex parte Young*

20

exception.   The Eleven Amendment also bars their

requests for front pay.   Front pay is technically a

form of equitable prospective relief that is meant to

serve as an alternative to reinstatement when lingering

hostility prevents an employee from returning to the

workplace.   *See Goldstein v. Manhattan Indus., Inc.*,

758 F.2d 1435, 1448-49 (11th Cir. 1985).   However,

courts have held consistently that front pay does not

fall within the *Ex parte Young* exception because it

"provide[s] nothing more than compensatory damages

which would have to be paid from the [State's]

coffers."   *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d

690, 698 (3d Cir. 1996); *see also Campbell v. Arkansas

Dep't of Correction*, 155 F.3d 950, 962 (8th Cir. 1998);

*Freeman v. Michigan Dep't of State*, 808 F.2d 1174, 1179

(6th Cir. 1987).   The court sees Rosado's and Ortiz's

claims for front pay against Cannon and Hodge no

differently.

On the other hand, the requested orders for promotions and pay raises are equitable prospective remedies within the meaning of *Ex parte Young*. Taking the allegations in the complaint as true, Cannon's and Hodge's unlawful discrimination has resulted in the plaintiffs' *ongoing* exclusion from positions and pay on discriminatory grounds. The injunctions Rosado and Ortiz now request would remedy the ongoing effects of the alleged constitutional violations, not merely, as Cannon and Hodge suggest, "discrete acts of past discrimination." Cannon et al.'s Reply (Doc. 29) at 4. Indeed, courts have held in the context of wrongful termination that reinstatement is an available remedy under *Ex parte Young* because it addresses a continuing denial of employment. *See Lane v. Cent. Ala. Cmty. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014) (per curiam); *see also Nelson v. Univ. of Tex. at Dall.*, 535 F.3d 318, 322 (5th Cir. 2008) (collecting cases). The same logic applies here.

22

In sum, the court will dismiss Rosado's and Ortiz's claims for backpay, retroactive benefits, front pay, and injunctions ordering Cannon and Hodge to obey the law.[3]   The claims for promotions and pay raises may proceed.

### 3. Declaratory Relief

Finally, Rosado and Ortiz request declaratory judgments that Cannon and Hodge violated the Fourteenth Amendment by discriminating against them. *See* Compl. (Doc. 19) at 33-34.   These claims are properly asserted against Cannon and Hodge in only their individual capacities.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could

---

3. The parties have not asked the court to evaluate whether Rosado and Ortiz may recover any of these remedies from the College.

23

be sought." The Eleventh Amendment prohibits federal courts from issuing declaratory judgments against the State and its officials unless, under *Ex parte Young*, the plaintiff seeks prospective relief to prevent ongoing violations of federal law. Because *Ex parte Young* requires that the remedy requested be prospective, "a plaintiff may not use the doctrine to adjudicate the legality of past conduct." *Summit*, 180 F.3d at 1337.

Rosado and Ortiz attempt to do precisely that with their requests for declaratory relief. They ask this court to issue declaratory judgments that Cannon and Hodge "violated the 14th Amendment to the United States Constitution, as enforced through 42 U.S.C. § 1983, in subjecting [Rosado and Ortiz] to disparate and illegal conduct in [their] employment." Compl. (Doc. 19) at 33-34. These requests for declaratory judgments concern the legality of actions undertaken by Cannon and Hodge in 2012 and 2013. Given the retroactive

**24**

character of the remedies sought, *Ex parte Young* does not authorize Rosado and Ortiz to obtain declaratory relief against Cannon and Hodge in their official capacities.  The court will dismiss those claims.

However, the Eleventh Amendment has no bearing on the individual-capacity claims, and Cannon and Hodge have presented no other reason besides sovereign immunity to dismiss the requests for declaratory judgments.   Insofar as Rosado and Ortiz seek declaratory relief against Cannon and Hodge in their individual capacities, their claims may proceed.


c. Section 1983 Claims Against Heinrich

Rosado and Ortiz each bring a § 1983 claim against Heinrich "in [his] official capacity only for the purposes of injunctive relief and approval of any settlement." Compl. (Doc. 19) at 3.  They do not seek monetary damages.  They further request a declaratory

judgment that he violated their equal-protection rights.[4]

Like Cannon and Hodge, Heinrich invokes sovereign immunity. He also contends that he is an unnecessary party, as he was not personally involved in the conduct underlying the complaint. On his telling, Rosado and Ortiz need not name him to secure a remedy.

Insofar as Heinrich's arguments overlap with those of Cannon and Hodge, the result is no different. For

---

4. The complaint also sounds in the language of supervisory liability when it alleges that Heinrich "acted with indifference to statutes and constitutional authority." Compl. (Doc. 19) at 20; *id.* at 29. "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Rosado and Ortiz acknowledge that Heinrich did "not ... approve[] the illegal action[s]" they allege and was not otherwise personally involved in the events underlying the complaint. Compl. (Doc. 19) at 20; *id.* at 29. They have pled no facts to support any causal connection between Heinrich's actions or inaction and the alleged discrimination either. Any attempt to hold him accountable on a theory of supervisory liability must be dismissed.

the reasons discussed above, sovereign immunity does not bar Rosado's and Ortiz's claims for promotions and pay raises, but the court will dismiss their requests for non-prospective equitable relief and declaratory judgments.

Turning to Heinrich's remaining arguments, his lack of personal involvement in the alleged discrimination does not warrant dismissing him as a defendant. "Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity." *Luckey v. Harris*, 860 F.2d 1012, 1015 (11th Cir. 1988). Rather, "it is sufficient that the state officer sued must, 'by virtue of his office, ha[ve] some connection' with the unconstitutional act or conduct complained of." *Id.* at 1015-16 (quoting *Ex parte Young*, 209 U.S. at 157). Additionally, multiple circuit courts have observed that a state official "who can appropriately respond to injunctive relief" is a proper defendant in an

official-capacity suit.   *Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016) (quoting *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013)); *see also Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (per curiam).

Heinrich satisfies those criteria.  As Chancellor of the Department of Postsecondary Education, he supervises community-college presidents, manages the operation of Alabama's community colleges, and is responsible for ensuring that they comply with state policy, including policies forbidding discrimination based on race and age.  Although Heinrich protests that his presence in this lawsuit is not strictly necessary to enforce a judgment, he does not dispute that he has authority over College officials like Cannon and Hodge or that his oversight over the community-college system would enable him to "appropriately respond" to an injunction.   *Hartmann*, 707 F.3d at 1127.   The nexus between Heinrich's responsibilities as chancellor and

the subject matter of the instant litigation is sufficient to make him a proper defendant.

Accordingly, Rosado and Ortiz may proceed against Heinrich on their claims for promotions and pay raises. Their claims for declaratory judgments and other forms of equitable relief are denied.


   d. Ortiz's Title VII Discrimination Claim

Ortiz brings two Title VII claims against the College: one for discrimination, and another for retaliation.  The retaliation claim is not at issue in the College's motion to dismiss.

Ortiz contends that the College discriminated against her in violation of Title VII by demoting her, assigning her two jobs' worth of work without adjusting her pay, denying her requests for reclassification, rejecting her candidacy for a job as a recruiter, and fostering a hostile work environment.

The College makes a twofold argument that parts of her Title VII discrimination claim should be dismissed: first, that the administrative-exhaustion requirement limits Ortiz to seeking relief based on the pay discrimination alleged in her March 2013 EEOC charge; and, second, that any claim for relief based on the decision not to hire her as a recruiter is time-barred. The court will deny the College's motion to dismiss with leave to renew at summary judgment on the first ground and grant the motion on the second ground to the extent that Ortiz may not assert a stand-alone claim for relief based on her rejection from the recruiter position.

### 1. Administrative Exhaustion

The College submits that the administrative-exhaustion requirement limits Ortiz's Title VII discrimination claim to the allegations contained in her March 2013 EEOC charge, which

mentioned only her concerns about her pay and requests for reclassification.    The College argues that any other alleged acts of discrimination cited in Ortiz's amended charge and complaint are not within the scope of the March 2013 EEOC charge and, for that reason, are not actionable under Title VII.    The court will deny the College's motion with leave to renew at summary judgment given the gaps in the parties' briefing and the factual record.

"[A] 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'"    *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (per curiam) (quoting *Alexander v. Fulton Cty.*, 207 F.3d 1303, 1332 (11th Cir. 2000)).    "The facts alleged in the charge matter most for determining what can reasonably be expected to grow out of an EEOC charge; the legal theory the charging party articulates is far less

important."  *Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1345 (11th Cir. 2022).  Although judicial claims may "amplify, clarify, or more clearly focus" the original charge, "[a]llegations of new acts of discrimination ... are not appropriate."  *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)).[5]

The College is adamant that Ortiz's complaint and her 2014 amended charge allege new acts of discrimination beyond the scope of the March 2013 EEOC charge.  Perplexingly, the College omits any mention of the retaliation charge she filed with the EEOC in August 2013.  The College appears to concede that her retaliation charge was timely, as even if the court were to grant the motions to dismiss in full, the College acknowledges that Ortiz's Title VII retaliation

---

5. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

claim would go forward.  *See* Cannon et al.'s Reply (Doc. 29) at 9.  Neither party has submitted a copy of the EEOC retaliation charge or divulged what factual allegations it contained.  Without further evidence in the record and argument from the parties, the court cannot discount the possibility that the retaliation charge alleged facts related to the acts of discrimination for which Ortiz now seeks to recover. The court will therefore deny the College's motion to dismiss based on administrative exhaustion with leave to renew at summary judgment.

### 2. Limitations Period

The College insists that Ortiz cannot bring her Title VII discrimination claim based on the decision not to hire her as a recruiter.  For a claim to be actionable under Title VII, an employee must file an EEOC charge within 180 days "after the alleged unlawful employment practice occurred."  42 U.S.C.

33

§ 2000e-5(e)(1).   An employee may not recover under
Title VII for discrete acts of discrimination outside
the  180-day  limitations  period.     *See  Nat'l  R.R.
Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).
Ortiz  learned  that  the  College  had  rejected  her
application  for  the  recruiter  position  in  May  2012,
more than 180 days before she filed the March 2013 EEOC
charge.    To the extent Ortiz asserts the rejection as
an independent ground for relief under Title VII, her
claim  that  the  rejection  was  discriminatory  is
time-barred.[6]

---

6. Ortiz counters that the court may nonetheless
consider her rejection insofar as it constitutes part
of her hostile-work-environment claim.   "Provided that
an  act  contributing  to  the  claim  occurs  within  the
filing  period,  the  entire  time  period  of  the  hostile
environment  may  be  considered  by  a  court  for  the
purposes of determining liability."  *Morgan*, 536 U.S.
at  117.    Ortiz  did  not  allege  a  hostile  work
environment explicitly in her March 2013 EEOC charge.
Her  argument  that  the  rejection  from  the  recruiter
position  contributed  to  a  hostile  work  environment
assumes that her hostile-work-environment claim is not
barred  by  the  administrative-exhaustion  requirement.
As stated above, the court cannot yet rule on whether
Ortiz has exhausted her administrative remedies.

34

e. Rosado's § 1983 Age-Discrimination Claims

Rosado brings § 1983 claims for age discrimination against Cannon, Hodge, and Heinrich.  The defendants respond that § 1983 does not provide a cause of action for age discrimination.  The Eleventh Circuit Court of Appeals has not yet determined whether stand-alone age-discrimination claims under § 1983 are cognizable. *See Duva v. Bd. of Regents of the Univ. Sys. Of Ga.*, 654 F. App'x 451, 454 (11th Cir. 2016) (per curiam). Most of its sister circuits have held that Congress intended for the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 through 634, to be the exclusive remedy for age-discrimination claims in employment.  *See id.* (collecting cases).

Rosado does not attempt to argue that she can bring an age-discrimination claim independent of the ADEA.[7]

---

7. Her brief in opposition--which notes that Rosado "does not sue College officers Cannon and Hodge, nor Postsecondary Chancellor Heinrich, for age (continued...)

Under similar circumstances, this court ruled that the ADEA precluded an age-discrimination claim where the plaintiff did not offer any substantial argument to the contrary.  *See Kilpatrick v. Crenshaw Cty. Comm'n*, No. 2:13-cv-953-MHT, 2016 WL 3251605, at *2-4 (M.D. Ala. June 8, 2016) (Thompson, J.).  The court will do the same here and, following the majority approach of the courts of appeal, dismiss Rosado's age-discrimination claims under § 1983.

f. Motion to Substitute

Apart from the motions to dismiss, the parties have noted that substitution of several official-capacity defendants is appropriate pursuant to Federal Rule of Civil Procedure 25(d).  Rosado and Ortiz moved to substitute Valerie Richardson, in her official capacity as interim president of the College, for Cannon in his

---

discrimination," Br. in Opp. to Cannon et al.'s Mot. to Dismiss (Doc. 25) at 9--suggests that she may have abandoned her federal age-discrimination claims altogether.

official capacity.  *See* Mot. for Order of Substitution (Doc. 37) at 1.  However, the defendants represent that Richardson is no longer the interim president of the College.  *See* Mot. to Set Status Conference (Doc. 46) at 2.  The defendants add that substitution may be appropriate as to at least one other official-capacity defendant, given Heinrich's retirement as chancellor. *See id.*  Based on these representations, the pending motion to substitute will be denied as moot.  The court will take up any new motions to substitute that the parties may file in light of the court's resolution of the motions to dismiss.

### IV. CONCLUSION

Rosado's state-law AADEA claim against the College is dismissed.  To the extent indicated above, the defendants' motions to dismiss are granted in part and denied in part.  The motion to substitute parties is denied as moot.

37

\* \* \*

Accordingly, it is ORDERED that:

(1) The renewed partial motion to dismiss filed by defendants Chattahoochee Valley Community College, Dr. Glen Cannon, and Dr. David Hodge (Doc. 21) and the motion to dismiss filed by defendant Dr. Mark A. Heinrich (Doc. 26) are granted in part and denied in part as follows:

(a) Plaintiff Ivonne Rosado's AADEA claim against defendant Chattahoochee Valley Community College is dismissed.

(b) Plaintiff Rosado's § 1983 claims for age discrimination against defendants Cannon, Hodge, and Heinrich are dismissed.

(c) Plaintiffs Rosado's and Michelle L. Ortiz's § 1983 claims for monetary damages against defendants Cannon and Hodge in their official capacities are dismissed.

38

(d) Plaintiffs Rosado's and Ortiz's § 1983 claims for backpay, front pay, retroactive benefits, and injunctions to obey the law against defendants Cannon, Hodge, and Heinrich in their official capacities are dismissed.

(e) Plaintiffs Rosado's and Ortiz's § 1983 claims for declaratory relief against defendants Cannon, Hodge, and Heinrich in their official capacities are dismissed.

(f) Plaintiff Ortiz's Title VII discrimination claim against defendant Chattahoochee Valley Community College based on her rejection from a recruiter position is dismissed insofar as she asserts it as an independent ground for relief.

(g) Plaintiffs Rosado and Ortiz may proceed on their § 1983 claims for monetary damages and declaratory relief against defendants Cannon and Hodge in their individual capacities; their § 1983 claims for promotions and pay raises against defendants Cannon,

Hodge, and Heinrich in their official capacities; and their Title VII discrimination and retaliation claims against defendant Chattahoochee Valley Community College (subject to the limitation on Ortiz's claim described above).

(2) The motion for order of substitution filed by plaintiffs Rosado and Ortiz (Doc. 37) is denied as moot.

This case is not closed.

DONE, this the 29th day of March, 2024.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE